IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **DR. ANA MARIA ABREU VELEZ**, and **DR. MICHAEL S. HOWARD**, <br><br> Plaintiffs-Relators, <br><br> v. <br><br> **GILEAD SCIENCES, INC.**, *et al.* <br><br> Defendants. | Civil Action No. 1:19-CV-3299-AT <br><br> **Filed under seal and** *ex parte* |

## The United States of America's
## Renewed Motion to Dismiss and Memorandum in Support

The United States of America previously moved to dismiss this action under 31 U.S.C. § 3729(C)(2)(A) because the plaintiffs-relators filed *pro se*, which is not permitted under the False Claims Act. The relators then retained an attorney, causing the United States to withdraw its motion.

The relator's attorney recently submitted a motion to withdraw from the case. Because the relators are again acting *pro se*, the United States respectfully renews its motion to dismiss. The substance of the earlier motion is repeated below for the Court's convenience.

1

## Background and Procedural History

The plaintiffs-relators filed this case under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3730(b). They served the complaint on the United States on December 3, 2019.

After reviewing the complaint, the undersigned attorney for the United States advised the relators that they would need to obtain counsel or else their suit would be dismissed. The relators questioned why they needed to retain counsel. In response, the undersigned attorney sent the relators a copy of a case stating that relators must be represented by counsel. After reviewing that case, relators confirmed via email that they intended to proceed *pro se*.[1] As a result, the United States moved to dismiss.

In response to the motion to dismiss, the relators hired an attorney, who appeared in the case and suggested that the motion to dismiss was moot. The United States agreed and withdrew its motion. The United States requested a one-month extension to give the new attorney time to confer with his clients, which the Court granted.

---

[1]  Feb. 11, 2020 email from Dr. Abreu Velez to AUSA DeCinque.

2

After conferring with his clients, relator's counsel filed a motion to withdraw as counsel on April 28, 2020. No substitute counsel has appeared or is expected to appear. Relators have confirmed in messages to the undersigned that they again intend to proceed *pro se*.

### Argument and Citation of Authority

That False Claims Act imposes treble damages on persons who, among other things, knowingly present false claims to the United States or knowingly avoid an obligation to pay money to the United States. *See id.* § 3729(a). Under the Act, private parties (known as "relators") may file actions on behalf of the United States. *Id.* § 3730(b). These actions are filed under seal so that the government can investigate before the defendants and other witness become aware of the allegations or the relator's identity. *Id.* § 3730(b)(2). If the action goes forward, relators are entitled to a share of the proceeds of any judgment or settlement. *Id.* § 3730(d).

The United States Court of Appeals for the Eleventh Circuit has held that a relator may not bring a lawsuit in the name of the United States if he or she is not represented by an attorney. *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). In *Timson*, the court explained that 28 U.S.C. § 1654 — the general statute permitting parties to proceed *pro se* — does not allow a *pro se* party to bring an

action for anyone other than himself or herself. *See id.* Absent an explicit statutory authorization for *qui tam* suits to be brought *pro se*, the court held that Section 1654 governed. *See id.* at 873–74. The court also expressed concerns that a different rule would be unworkable because "the safeguards Timson outlines do not sufficiently replace adequate legal representation for the United States's interests, particularly where the United States would be bound by the judgment in future proceedings." *Id.*

Accordingly, the United States renews its motion to dismiss the complaint under 31 U.S.C. § 3730(c)(2)(A), which says that the government "may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." *See generally Swift v. United States*, 318 F.3d 250, 252–53 (D.C. Cir. 2003) (explaining government's right to dismiss); *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998) (same). The United States does not have to intervene before seeking dismissal. *United States v. Everglades Coll., Inc.*, 855 F.3d 1279, 1286 (11th Cir. 2017).

To obtain dismissal, the government must notify the relator "of the filing" of the motion to dismiss, and the court must "provide[] the person with an

opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). As discussed above, the undersigned counsel has notified the relators of the United States' intent to file a motion to dismiss. The United States will also serve the current motion on the relators. As for the hearing, in this context, a "hearing" does not have to be a full-fledged, in-person evidentiary hearing but rather a simple opportunity—perhaps through briefing—for the relators to argue why their case should not be dismissed. *See Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 931 & n.10 (10th Cir. 2005) (hearings should be granted only when needed and are not meant to burden the courts); *Martin v. United States Dep't of Agric.*, No. CV 118-009, 2019 WL 166554, at *3 (S.D. Ga. Jan. 10, 2019) (refusing to hold unnecessary evidentiary hearing); *United States ex rel. Nicholson v. Spigelman*, No. 10 C 3361, 2011 WL 2683161, at *3 (N.D. Ill. July 8, 2011) (same).

## Conclusion

For the reasons stated above, the United States respectfully requests that the current lawsuit be **dismissed with prejudice as to the relators and without prejudice as to the United States**. The United States also requests that the **seal on this case be lifted** and all previous filings be unsealed per 31 U.S.C. § 3730.

By statute, the relators must be given an opportunity to respond to this motion before the requested orders are entered.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

s/ Anthony C. DeCinque
ANTHONY C. DECINQUE
*Assistant United States Attorney*

Georgia Bar No. 130906
Anthony.DeCinque@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Ph: (404) 581-6000    Fx: (404) 581-6181

*Counsel for the United States of America*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rule 7.1(D), that the above motion to

dismiss and memorandum of law was prepared in 13-point, Book Antiqua font.


        *s/ Anthony C. DeCinque*
ANTHONY C. DECINQUE
*Assistant United States Attorney*

## Certificate of Service

I hereby certify that the above **motion to dismiss and memorandum in support** was served by mailing a copy by first class mail, with adequate postage affixed, addressed to:

Dr. Ana Maria Abreu Velez
1192 Cumberland Road, NE
Atlanta, GA 30306

Dr. Michael Howard
Georgia Dermatopathology Associates
1610 Lavista Road, NE, Suite 4
Atlanta, Georgia 30329

*Relators, pro se*

This document was not served on the defendants because this case remains under seal.

This 30th day of April, 2020.

    *s/Anthony C. DeCinque*
ANTHONY C. DECINQUE
*Assistant United States Attorney*
