IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANA MARIA ABREU VELEZ, M.D., and MICHAEL S. HOWARD, M.D., | : : : | |
| Plaintiffs/Relators, | : : | |
| v. | : : | |
| GILEAD SCIENCES, INC., | : : | CIVIL ACTION NO. 1:19-cv-3299-AT |
| Defendant. | : : | |

## ORDER

Before the Court is:

- The Motion of Richard N. Hubert ("Counsel") to Withdraw as Counsel for Relators, filed on April 29, 2020. [Doc. 41] (the "Motion to Withdraw"); and

- The Renewed Motion to Dismiss filed by the United States on April 30, 2020. [Doc. 42].

As to the Motion to Withdraw, Counsel has complied with Local Rule 83.1E, NDGa, and provided notice to the Relators of his intention to request permission to withdraw as counsel. Relators filed an objection to the Motion (Doc. 49, the "Objection.") Relators first object that the Motion is not ripe for a ruling until after May 25, 2020. (Objection at 1.) This aspect of the Objection is now moot. The remainder of the Objection seems to relate to the dismissal of the case itself, which

is not relevant to whether Counsel may withdraw. Accordingly, the Objection is **OVERRULED** and the Motion to Withdraw [Doc. 41] is **GRANTED** effective upon the entry of this Order.

As noted above, the United States has filed a Renewed Motion to Dismiss, pointing out that "the United States Court of Appeals for the Eleventh Circuit has held that a relator may not bring a lawsuit in the name of the United States if he or she is not represented by an attorney." (Renewed Mot. Dismiss at 3) (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)). The Court has reviewed the responses of relators and Counsel, and finds that the United States' Motion must be granted based on the Eleventh Circuit's holding in *Timson*. Relators have had notice since March 13, 2020 that the United States' position is that this case cannot proceed without counsel. Accordingly, the Renewed Motion will be **GRANTED IN PART** as follows:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** as to the United States and as to Relators, **WITH LEAVE TO AMEND** to Relators.
2. The Court will direct the Clerk to unseal this case.
3. Within twenty days of the date of entry of this Order, relators must either:
   A. Obtain counsel, who must file a notice of appearance. Upon filing a notice of appearance, substitute counsel will have an additional fourteen days to file an Amended Complaint; or

      B. File an Amended Complaint, in Relators' **own capacity as Plaintiffs** and **not as Relators on behalf of the United States**, limited to retaliation claims, subject to the instructions below.

4. In the event that Relators fail to comply with the twenty-day deadline set forth above, the Court will direct the clerk to enter a dismissal with prejudice to Relators and without prejudice to the United States.

In the event that Relators choose to file an Amended Complaint *pro se*, they are **DIRECTED** to carefully read Federal Rule of Civil Procedure 8(a):

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>     (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>     (2) **a short and plain statement** of the claim showing that the pleader is entitled to relief; and
>
>     (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). Relators' filings in this case thus far have been disorganized and full of irrelevant materials. A complaint under 31 U.S.C. § 3730(h) need only set forth the basis for this Court's jurisdiction, a clear description of the specific facts which give rise to the retaliation claim, including the conduct Relators (now Plaintiffs) purportedly engaged in that was protected by 31 U.S.C. § 3730(h)(1), how they were "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms

3

and conditions of employment" by Defendants, and what relief they contend they are entitled to. The Amended Complaint should contain reasonable enough detail about who the employees or agents of Defendants were, what those employees or agents' position with Defendants was, and roughly when they acted sufficient for the Court to conclude that the events complained of plausibly took place.[1] Complaints are ordinarily organized in numbered paragraphs, each no more than a sentence or two. Relators need not attach DOJ memoranda, news article clippings, bulk quotes from the internet, etc. Furthermore, the Court is aware that Relator Ana M. Abreu Velez, M.D. has previously filed a False Claims Act retaliation case, No. 1:13-cv-04187-TWT. This is not an invitation to relitigate any claims which were encompassed in that case. Finally, Relators will be responsible for arranging personal service of the Amended Complaint on Defendants pursuant to Rule 4. Failure to properly serve the Amended Complaint is grounds for dismissal of this case. Fed. R. Civ. P. 4(m).

For the above reasons, it is **ORDERED** that the Motion of Richard N. Hubert to Withdraw as Counsel for Relators [Doc. 41] is **GRANTED**. The Clerk is **DIRECTED** to terminate Richard N. Hubert as counsel of record for Relators, effective upon entry of this Order.

It is **FURTHER ORDERED** that the Renewed Motion to Dismiss filed by the United States [Doc. 42] is **GRANTED IN PART**, and the Complaint is

---

[1] To the extent Relators contend pleading an underlying violation of 31 U.S.C. § 3729 is necessary to state a retaliation claim, they are again cautioned to follow Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."

**DISMISSED WITHOUT PREJUDICE** as to the United States and as to Relators, **WITH LEAVE TO AMEND** to Relators, as set forth in this Order. The Clerk is **DIRECTED** to unseal this case and all previous filings in this case.

It is **FURTHER ORDERED** that the Letter construed by clerk as MOTION to Unseal Case, MOTION to add Top Leaders as Defendants [Doc. 25]; MOTION for Order for Copies of DOJ Investigative Records [Doc. 28]; MOTION to Unseal Case, MOTION to Stop 3 month extension [Doc. 29] are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned 21 days after the date of entry of this Order.

**IT IS SO ORDERED** this 5th day of June, 2020.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE